OPINION
{¶ 1} Appellant, Cye Anderson, appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, committing him to the Department of Youth Services ("DYS"). We affirm the juvenile court's decision.
 {¶ 2} In December 1999, a complaint was filed in the juvenile court alleging that appellant committed an act that would constitute burglary, a violation of R.C. 2911.12(A)(4), if committed by an adult. The complaint also alleged that appellant committed an act that would constitute vandalism, a violation of R.C. 2909.05(A), if committed by an adult. The crime of burglary alleged in the complaint was a fourth-degree felony while the crime of vandalism was a fifth-degree felony.
 {¶ 3} Appellant pled "true" to the charges in the complaint, stipulating that he and another individual broke into a private residence, removed property, and damaged the residence. The juvenile court subsequently found appellant to be a delinquent child. The court ordered him to pay restitution, have no contact with the victim, complete a two-day work program, and participate in a victim-offender mediation program. The court also placed appellant on probation. Appellant acknowledged that the court could have ordered a six-month commitment to DYS, or commitment until the age of 21. Appellant also acknowledged that the court could commit him to DYS if he violated any of his rules of probation.
 {¶ 4} In October 2001, a complaint was filed in the juvenile court alleging that appellant had violated his rules of probation. Appellant subsequently pled "true" to violating his rules of probation and committing an act that would constitute complicity to commit vandalism in violation of R.C. 2923.03 and R.C. 2909.05. According to a statement of facts read by the prosecutor, appellant and other individuals sprayed a fire extinguisher and vandalized toilets inside a church. The juvenile court ordered a suspended six-month commitment to DYS for both the burglary charge and the complicity to commit vandalism charge. The court also ordered that appellant be remanded to the juvenile detention center pending a rehabilitation assessment. The juvenile court warned appellant that commitment to DYS was the next step if appellant again violated his probation rules or failed to participate appropriately in the Butler County Juvenile Rehabilitation Program.
 {¶ 5} In February 2002, a complaint was filed in the juvenile court alleging that appellant again violated his rules of probation. The complaint stated that appellant had failed to follow the rules of the Butler County Juvenile Rehabilitation Program. At a hearing before the juvenile court, Les Gore, the director of the rehabilitation program, testified that appellant constantly had to be isolated and was disrupting the treatment of others. Appellant pled "true" to the charge that he violated his probation rules. After appellant assured the juvenile court that he would change his behavior, the court stayed appellant's commitment to DYS, and set a hearing to review appellant's progress.
 {¶ 6} At another hearing in February 2002, the juvenile court heard testimony that appellant continued to be a disciplinary problem in the rehabilitation program. His probation officer testified that appellant refused to follow directions and had been "mouthing off" to program employees. The juvenile court subsequently ordered appellant to be committed to DYS for a minimum of two six-month terms, and a maximum of a period of time not to exceed his 21st birthday. The two terms were to be served consecutively and were based on the underlying charges of burglary and complicity to commit vandalism.
 {¶ 7} Appellant now appeals the juvenile court's decision to commit him to DYS, assigning one error as follows:
 {¶ 8} "The trial court's sentence was an abuse of discretion in violation of standards for sentencing established by the Ohio Supreme Court."
 {¶ 9} In this assignment of error, appellant argues that the trial court abused its discretion by sentencing appellant to DYS. Appellant maintains that the juvenile court's decision was inconsistent with the purpose of the juvenile code as summarized in In re Caldwell,76 Ohio St.3d 156, 1996-Ohio-410.
 {¶ 10} In Caldwell, the Ohio Supreme Court stated that the purpose of the juvenile code is "to provide for the care, protection, and mental and physical development of children, to protect the public from the wrongful acts committed by juvenile delinquents, and to rehabilitate errant children and bring them back to productive citizenship, or, as the statute says, to supervise, care for and rehabilitate those children. Punishment is not the goal of the juvenile system, except as necessary to direct the child toward the goal of rehabilitation." Caldwell,76 Ohio St.3d at 157. In determining the length of a commitment to DYS, the juvenile court should consider the delinquent act, the child's overall conduct and behavior, the child's history, the remorse shown by the child, and other relevant societal factors. Id. at 160.
 {¶ 11} R.C. 2152.16 provides as follows:
 {¶ 12} "(A)(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
 {¶ 13} "* * *
 {¶ 14} "(e) For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult * * *, for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 15} We find no abuse of discretion in this case. Based on the above statutory language, the juvenile court had the authority to order appellant's commitment to DYS based on the underlying crimes of burglary, a fourth-degree felony, and complicity to commit vandalism, a fifth-degree felony. Additionally, based on our review of the record, we find that the juvenile court's decision was consistent with the principles enunciated in Caldwell.
 {¶ 16} In committing appellant to DYS, the juvenile court stated the following in its entry:
 {¶ 17} "This Court finds * * * that said child is not amenable, due to said child's history, condition, age, and/or the seriousness of the offense, to rehabilitation in the community or in a non-secure facility, that the probation department of this court has made reasonable efforts to prevent the need to place this child outside of the home or that said efforts were precluded by the exigent circumstances of this case, and that continued placement in the home is contrary to the child's best interests."
 {¶ 18} The juvenile court's decision is supported by the record. Despite constant warnings from the juvenile court, appellant repeatedly violated his rules of probation, first by committing another, similar crime, and later by failing to properly participate in the rehabilitation program. While appellant appeared to show remorse each time he appeared before the court following a violation, his conduct did not change. The juvenile court initially ordered probation for appellant. After appellant violated his probation rules the first time, the court ordered two suspended six-month commitments to DYS. After appellant again violated his probation rules by failing to properly participate in the rehabilitation program, the court stated that it would give appellant one more chance. Within a week, appellant was before the court, having continued his disruptive behavior in the rehabilitation program. The juvenile court then committed appellant to DYS.
 {¶ 19} Based on our review of the entire record, we do not find that the juvenile court abused its discretion in committing appellant to DYS. The juvenile court attempted to rehabilitate appellant via other means, but ultimately concluded that a DYS commitment was the best means to rehabilitate him. We find that the juvenile court acted well within the discretion granted it in R.C. 2152.16 and consistent with the principles stated in Caldwell. Accordingly, appellant's sole assignment of error is overruled.
Judgement affirmed.
WALSH, P.J., and VALEN, J., concur.